KATHERINE I. HARTLEY
PACIFIC JUSTICE INSTITUTE
P.O. BOX 2131
COEUR D'ALENE, IDAHO 83816
P: 858-945-6924
khartley@pji.org

*Attorney for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRIS and NICOLE TRAKEL, on their own behalf and on behalf of their minor children, A.T. and D.T.,<br><br>  Plaintiffs,<br><br>v.<br><br>DEBBIE CRITCHFIELD, in her official capacity as Superintendent of Public Instruction; IDAHO HOME LEARNING ACADEMY, an Idaho public charter school,<br><br>  Defendants. | Case No.:<br><br>**VERIFIED COMPLAINT**<br>**[42 U.S.C. § 1983]**<br><br>[Demand for Jury Trial] |

Plaintiffs Chris and Nicole Trakel (hereafter "Plaintiffs" or "The Trakels"), by and through its undersigned counsel, allege as follows:

### OVERVIEW

1. This is a civil rights action alleging discrimination based on religion in state-funded Idaho charter school programs.

2. It is brought under 42 U.S.C. § 1983 and the U.S. Constitution.

3. The State of Idaho authorizes accredited public schools to offer programs where families may choose their own curriculum as an alternative to a traditional in-school education. *See*, Idaho Code § 33-1619, §33-5205, and § 33-1024.

1

4. Parents are permitted to make individual decisions about the education of their children, as long as certain state educational standards are met.

5. The Idaho Home Learning Academy ("IHLA") is an accredited public charter school serving K-8 students from across the state of Idaho. IHLA provides students with access to a quality online educational curriculum, individualized support from Idaho Certified teachers, and the opportunity to customize curriculum to meet the specific needs of each student.

6. Plaintiffs are Idaho parents with two children who are enrolled at IHLA. They are Christians whose faith demands them to infuse these beliefs into their children, including through their education.

7. IHLA promotes their commitment to offering an individualized education and parents can be reimbursed for the cost of curriculum and other educational materials.

8. Plaintiffs were denied reimbursement when they chose a religiously influenced curriculum for their children.

9. When Plaintiffs questioned IHLA as to the reasoning for this denial, school officials stated the Idaho State Department of Education prohibited the school from reimbursing religious curriculum.

10. Defendants' exclusion of of faith-based curriculum from an otherwise generally available benefit violates the Free Exercise and Free Speech Clauses of the First Amendment to the U.S. Constitution.

11. Plaintiffs now sue under 42 U.S.C. § 1983 for Defendants' deprivation under color of state law of the Plaintiffs' rights secured by the U.S. Constitution. The Plaintiffs respectfully asks the Court to grant the relief set forth in the Prayer for Relief.

## PARTIES

12. Plaintiffs Chris and Nicole Trakel are a married couple who reside in Caldwell, Idaho.

Their daughter, A.T., and their son, D.T., are currently enrolled in IHLA. The Trakels are suing on behalf of themselves and on behalf of their minor children.

13. Defendant IHLA is an online, accredited Idaho public charter school.

14. Defendant Debbie Critchfield is the State Superintendent of Public Instruction and is sued in her official capacity. Ms. Critchfield is ultimately responsible for enforcing state board of education rules and regulations. Idaho Code § 67-1504.

## JURISDICTION AND VENUE

15. The Defendants are located within this judicial district and division. All of the events and omissions giving rise to the claims alleged herein occurred in this judicial district and division. Therefore, this Court has personal jurisdiction over the Defendants.

16. Furthermore, venue is proper in this Court and in this division under 28 U.S.C. § 1391(b).

17. This Court has federal question jurisdiction over Plaintiffs' claims under 28 U.S.C. §§ 1331, 1343(a)(3).

18. This Court has the authority to grant the requested declaratory relief under 28 U.S.C. §§ 2201 and 2202.

19. This Court has the authority to grant the requested damages pursuant to 28 U.S.C. § 1343.

20. This Court has the authority to award attorney's fees under 42 U.S.C. § 1988.

## GENERAL ALLEGATIONS

21. Idaho law allows public schools to offer funding to support independent study programs with curriculum that parents are allowed to select based on the individualized needs of their children.

22. IHLA is one of these virtual public charter schools within Oneida School District.

23. IHLA provides an educational support fund to purchase a wide variety of curriculum.

24. According to the IHLA Handbook, parents may choose "traditional educational products or other educationally beneficial" content. These "services are considered a part of the array of public educational choice options provided through the partners of IHLA."

25. Parents and students have the freedom to select curriculum that would be most beneficial and meet a student's specific needs, so long as the curriculum meets Idaho Content Standards.

26. Chris and Nicole Trakel live in Caldwell, Idaho, and their two children are currently enrolled in IHLA. Their children are in 6th grade and kindergarten.

27. The Trakels have sincerely held religious beliefs, and those beliefs drive them to educate their children with curriculum that reflects those beliefs.

28. The Trakels purchased a religiously motivated curriculum, but IHLA does not permit the Trakels to use their educational support fund to purchase instructional materials that include religious viewpoints.

29. For example, a curriculum that meets state content standards for handwriting was not reimbursed because passages from the Bible are used to practice handwriting. Similarly, the Trakels cannot be reimbursed for an otherwise content-satisfactory math curriculum because there are math problems that contain religious references.

30. In a September 23, 2024, email, in response to the Trakels' inquiry about a Christian-based curriculum they wished to purchase, IHLA stated that they "are not able to cover religious curriculum because of the separation of church and state" and "state funding cannot be used for anything religious."

31. On October 1, 2024, the Trakels requested clarification on why they were denied the purchase of religious materials in light of the U.S. Supreme Court's decision in *Espinoza v.*

4

*Montana Department of Revenue*.

32. In an October 2, 2024, email, IHLA again responded that they could not reimburse religious curriculum choices due to guidance and mandates they have received from the State Department of Education.

33. IHLA cited Article IX, Section 5 of the Idaho Constitution[1] as the likely reason for these mandates.

34. The Trakels have attempted on numerous occasions to follow up with the State Department of Education, but nobody has offered further clarification. Specifically, Chris Trakel called the State Department of Education on November 5, 2024, and again on or around November 18, 2024, without receiving a response. On January 9, 2025, Mr. Trakel again tried to reach the Department and was told someone would return his call, but nobody did.

35. Upon information and belief, but for the sectarian exclusion in Article IX, Section 5 of the Idaho Constitution, the Trakels would have been reimbursed for their privately and independently chosen curriculum to educate their children even when that curriculum has religious affiliation.

36. As a result of these discriminatory policies, the Trakels have been denied the ability to use state funds. These funds are a generally available benefit offered by the state to parents through online charter schools so that parents may independently chose the curriculum that best suits their children. This denial is merely because the Trakel's chosen curriculum is one

---

[1] "Neither the legislature nor any county, city, town, township, school district, or other public corporation, shall ever make any appropriation, or pay from any public fund or moneys whatever, anything in aid of any church or sectarian or religious society, or for any sectarian or religious purpose, or to help support or sustain any school, academy, seminary, college, university or other literary or scientific institution, controlled by any church, sectarian or religious denomination whatsoever; nor shall any grant or donation of land, money or other personal property ever be made by the state, or any such public corporation, to any church or for any sectarian or religious purpose." Idaho Const., article IX, § 5.

that aligns with their faith.

37.     Plaintiffs have been irreparably harmed by deprivation of their constitutional rights, as the loss of free exercise rights even for minimal periods of time amounts to irreparable harm.

38.     It is always in the public interest to prevent the violation of a party's constitutional rights. The result of state hostility toward and disapproval of an individual's religious beliefs is stigmatizing and damaging.

39.     Such discrimination also causes economic hardship when secular curriculum is freely reimbursed.

40.     The Trakels wish to end this unfair exclusion of religious viewpoints and continue their enrollment at IHLA and the generally available state funds for religiously based curriculum. They intend to seek such reimbursement again in the immediate future, just as soon as Defendants change their policy or they obtain judicial relief.

## FIRST CLAIM FOR RELIEF
### Violation of Plaintiffs' Free Exercise of Religion Rights in Violation of 42 U.S.C. § 1983 (Against Defendants)

41.     The Trakels refer to and hereby incorporate the foregoing paragraphs as though fully set forth herein.

42.     The Free Exercise Clause of the First Amendment to the U.S. Constitution provides, in relevant part, that "Congress shall make no law . . . prohibiting the free exercise" of religion.

43.     The Free Exercise Clause applies to the states and their subdivisions and municipalities through the Fourteenth Amendment to the United States Constitution.

44.     Congress has provided a vehicle for seeking relief from constitutional violations via 42 U.S.C. § 1983. The Trakels therefore brings this action pursuant to § 1983.

45.     The Free Exercise Clause protects against governmental hostility toward religion.

46.     The Free Exercise Clause also requires that the state be neutral on matters of religion.

47.     Article IX Section 5 of the Idaho Constitution is not neutral with respect to religion. Instead, it discriminates against religion on its face in that it prevents religious people from receiving public funding from a generally offered benefit from the state.

48.     On its face and applied to Plaintiffs, Article IX Section 5 of the Idaho Constitution conditions the receipt of a public benefit, on the forgoing of religious convictions.

49.     By denying public funding to the Trakels just because they have independently chosen a religiously based curriculum for their children, Defendants have denied the Trakels a benefit they may otherwise receive if they had chosen a secular curriculum.

50.     Defendants categorically exclude the Trakels from an otherwise available state benefit.

51.     When laws or regulations are not neutral and generally applicable, they trigger strict scrutiny under the Free Exercise Clause whenever they treat any comparable secular activity more favorably than religious exercise.

52.     Defendants have no compelling, substantial, or even legitimate interest in denying the Trakels otherwise available funding for an independely chosen faith-based curriculum.

## SECOND CLAIM FOR RELIEF
### Violation of Plaintiffs' Free Speech Rights in Violation of 42 U.S.C. § 1983
### (Against Defendants)

53.     The Trakels refers to and hereby incorporate the foregoing paragraphs as though fully set forth herein.

54.     The Free Speech Clause to the First Amendment to the U.S. Constitution provides, in relevant part, that "Congress shall make no law . . . abridging the freedom of speech."

55.     The Free Speech Clause applies to the states and their subdivisions and municipalities through the Fourteenth Amendment to the U.S. Constitution.

56.     The Free Speech Clause prohibits restrictions of speech that are based on content or viewpoint.

57.     Subjects that could be purchased from a secular but not a religious viewpoint include handwriting, math, history, language arts, and science.

58.     On its face and as applied to Plaintiffs, Article IX Section 5 of the Idaho Constitution restricts expression and speech based on content and viewpoint because it denies a public benefit to families wishing to choose a religiously based curriculum, because and only because it is religious.

59.     A policy that regulates what kind of educational prgrams can be offered to students violates the Free Speech Clause to the First Amendment.

60.     Parents like the Trakels who choose religious curriculum to instruct their own children are not engaged in government speech. Therefore, under the Free Speech Clause, IHLA and the State Department of Education cannot withhold state funding that is available to parents who choose secular curriculum.

61.     Defendants have no compelling, substantial, or even legitimate interest in denying such a benefit to the Trakels.

## PRAYER FOR RELIEF

The Trakels respectfully request that this Court enter judgment against Defendants and provide the following relief:

### ON ALL CAUSES OF ACTION:

A.      A declaratory judgment against all Defendants that Article IX Section 5 of the Idaho Constitution on its face and as applied to Plaintiffs violates the Free Exercise and Free Speech Clauses of the First Amendment to the U.S. Constutution;

B.      An award of nominal damages against IHLA pursuant to 28 U.S.C. § 1343;

C.      An award of attorney's fees, costs, and expenses against all Defendants pursuant to 42 U.S.C. § 1988;

D. A preliminary and permanent injunction from excluding the Trakels from otherwise available state funding if they use that funding for religiously motivated curriculum against all Defendants; and

E. Such other and further relief as the Court may deem proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury with respect to all claims so triable.

DATED this 28th day of February 2025.

                                          Respectfully submitted,

                                          /s/ Katherine Hartley
                                          Katherine Hartley
                                          Bar number 11837
                                          PACIFIC JUSTICE INSTITUTE
                                          P.O. Box 2131
                                          Coeur d'Alene, ID 83816
                                          Khartley@pji.org

                                          *Counsel for Plaintiffs*

## VERIFICATION

I, Chris Trakel, am the Plaintiff in the above-captioned matter. I have read the Verified Complaint and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true.

I declare under penalty of perjury, under the laws of the United States and the State of Idaho, that the foregoing is true and correct. Executed this 28th day of February 2025, in the County of  CANYON , Idaho.

_____
Chris Trakel

## VERIFICATION

I, Nicole Trakel, am the Plaintiff in the above-captioned matter. I have read the Verified Complaint and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true.

I declare under penalty of perjury, under the laws of the United States and the State of Idaho, that the foregoing is true and correct. Executed this 28th day of February 2025, in the County of _Canyon_, Idaho.

_____
Nicole Trakel